No. 01-035

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 267N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

DEAL ALLEN YATES,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Bruce Gobeo, Leslie Ocks, Office of the Public Defender,

Missoula, Montana

For Respondent:

Hon. Mike McGrath, Attorney General; John Paulson,

Assistant Attorney General, Helena, Montana

Fred R. Van Valkenburg, Missoula County Attorney,

Missoula, Montana

Submitted on Briefs: June 7, 2001
Decided: December 17, 2001

Filed:

_____

Clerk


Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Dean Allen Yates (Yates) appeals from the judgment entered by the Fourth Judicial District Court, Missoula County, on his conviction for accountability for forgery. We affirm.

¶3 The issue on appeal is whether there is sufficient evidence to support Yates' conviction.

## BACKGROUND

¶4 Yates was charged by information in the District Court with the felony offense of accountability for forgery. The information alleged that Yates assisted Gaitane Louise Yates (Gaitane) in committing forgery by cashing checks on her behalf or indicating to the owner of Buck's Bar, where the checks were cashed, that the checks were genuine, when Yates knew Gaitane had forged the checks. A bench trial was held on April 20, 2000. At the close of the prosecution's case-in-chief, Yates moved for a directed verdict of acquittal, arguing that the prosecution had failed to present sufficient evidence establishing the mental state element of the offense. The District Court denied the motion and, at the close of trial, found Yates guilty of accountability for forgery. The court subsequently sentenced Yates and entered judgment on the conviction and sentence. Yates appeals.

## STANDARD OF REVIEW

¶5 We review the sufficiency of the evidence to support a guilty verdict to determine whether, when viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. State v. Merrick, 2000 MT 124, ¶ 7, 299 Mont. 472, ¶ 7, 2 P.3d 242, ¶ 7.

## DISCUSSION

¶6 Was there sufficient evidence to support Yates' conviction for forgery by accountability?

¶7 As stated above, Yates was charged with accountability for forgery for allegedly assisting Gaitane in cashing checks she had forged. The charge was brought pursuant to § 45-2-301, MCA, which provides that a person may be held responsible for the conduct of another when he or she is legally accountable for that conduct. Section 45-2-302(3), MCA, provides that a person is legally accountable for another's conduct when

> either before or during the commission of an offense with the purpose to promote or facilitate such commission, he solicits, aids, abets, agrees, or attempts to aid such other person in the planning or commission of the offense.

Thus, in order for the prosecution to prove a defendant committed an offense by accountability, it must establish that the defendant is legally accountable for another's conduct because (1) either before or during (2) the commission of an offense (3) with the purpose to promote or facilitate such commission (4) the defendant solicited, aided, abetted, agreed or attempted to aid the other person in the planning or commission of the offense. State v. Koontz (1991), 249 Mont. 109, 115, 813 P.2d 463, 467.

¶8 Yates contends that the prosecution failed to establish the third element of accountability--namely that he acted with the purpose to promote or facilitate the offense--because it did not present sufficient evidence that he was aware of the fact that the checks at issue were forged by Gaitane. He concedes that the prosecution presented circumstantial evidence on which the District Court could have based a finding that he was aware the checks were forged. He asserts, however, that this circumstantial evidence was not inconsistent with his defense theory that he did not know the checks were forged. He cites State v. Starr (1983), 204 Mont. 210, 664 P.2d 893, in support of his argument that, where

a conviction is based on circumstantial evidence, the evidence not only must be entirely consistent with the defendant's guilt, but also must be inconsistent with any other rational theory.

¶9 It is well-established that the mental state element of a criminal offense may be proved through circumstantial evidence. See, § 45-2-103(3), MCA; State v. Enright, 1998 MT 322, ¶¶ 35-36, 292 Mont. 204, ¶¶ 35-36, 974 P.2d 1118, ¶¶ 35-36; State v. Brogan (1993), 261 Mont. 79, 89, 862 P.2d 19, 25. Indeed, a criminal conviction may be based entirely on circumstantial evidence. State v. Hall, 1999 MT 297, ¶ 22, 297 Mont. 111, ¶ 22, 991 P.2d 929, ¶ 22 (citing State v. Heffner, 1998 MT 181, ¶ 30, 290 Mont. 114, ¶ 30, 964 P.2d 736, ¶ 30). Moreover, Yates' reliance on Starr is misplaced in light of our more recent cases holding that where circumstantial evidence may be given two interpretations, one supporting guilt and another supporting innocence, the trier of fact determines which is most reasonable. See, e.g., Hall at ¶ 22 (citing State v. Arthun (1995), 274 Mont. 82, 91, 906 P.2d 216, 221).

¶10 Here, the prosecution presented circumstantial evidence of Yates' mental state which, as Yates concedes, supports a finding that he was aware that the four checks at issue had been forged by Gaitane and, therefore, was acting with the purpose to facilitate the offense of forgery by assisting her in cashing those checks. Consequently, viewing the evidence in the light most favorable to the prosecution, we conclude that there was sufficient evidence on which a rational trier of fact could have found the requisite mental state element of the accountability for forgery offense beyond a reasonable doubt. We hold, therefore, that there was sufficient evidence to support Yates' conviction for forgery by accountability.

¶11 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ TERRY N. TRIEWEILER

/S/ JAMES C. NELSON

/S/ JIM RICE

Justice Patricia O. Cotter dissents.

¶12 As the majority correctly notes, all elements of a crime must be established beyond a reasonable doubt. In order to prove accountability for forgery, the State must prove that the defendant acted with the purpose to promote or facilitate the forgery offense. I agree with Yates that there was no proof in this case that he knew that the checks were forged when he presented them to be cashed. In fact, both Yates and the forger, Gaitane, testified that Yates had no knowledge that the checks which he cashed had been forged.

¶13 While I agree that the mental state element of a criminal offense may be proved through circumstantial evidence, in my judgment the prosecution failed to present circumstantial evidence of Yates's mental state which could support a finding beyond a reasonable doubt that he was aware that the checks had been forged by Gaitane. All the State really had was evidence of Yates's participation and assistance in cashing the checks. This is not enough to establish that Yates acted with the purpose to promote or facilitate a forgery.

¶14 It is well settled that a conviction cannot stand upon mere suspicion or conjecture. In my judgment, this is all the State relied upon in attempting to establish that Yates knew the checks were forged. Accordingly, I would reverse.

/S/ PATRICIA COTTER